**FILED**
**APRIL 17, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KIRSTEN L. LARSEN, and<br>MARIA DE LOS ANGELES<br>HALLMAN, | ) <br> ) <br> ) <br> ) | No. 40438-2-III |
| Appellants, | ) <br> ) | |
| v. | ) <br> ) | UNPUBLISHED OPINION |
| CHELAN COUNTY, a municipal entity<br>existing under the laws of Washington<br>State, | ) <br> ) <br> ) <br> ) <br> ) | |
| Respondent. | ) | |

COONEY, J. — Kirsten Larsen and Maria Hallman[1] appeal the summary judgment

dismissal of their claims against Chelan County (County). Their claims stem from the

termination of their employment with the County. The County responds that the

Plaintiffs' claims were properly dismissed because it did not waive its defense of

improper service of process, and it was not properly served before the statute of

limitations expired. We agree with the County and affirm.

---

[1] Ms. Larsen and Ms. Hallman are referred to collectively as "Plaintiffs."

BACKGROUND

In April 2020, Ms. Larsen's position with the County was eliminated due to restructuring in her department. Later, on December 31, 2020, Ms. Hallman's employment with the County was also eliminated due to reorganization of the Douglas County Sheriff's Office. Ms. Larsen and Ms. Hallman retained an attorney to investigate potential wrongful termination claims against the County.

In June 2022, the Plaintiffs' attorney requested Ms. Larsen's personnel records from the County. Shortly thereafter, the County Administrator/Interim Human Resources Director (Administrator) with the Chelan County Board of County Commissioners (BOCC) responded to the records request via e-mail. The e-mail contained a letter from the Administrator, with the letterhead listing an address for the BOCC:

COUNTY ADMINISTRATION BUILDING
400 DOUGLAS STREET #201
WENATCHEE, WA 98801.

Clerk's Papers (CP) at 90. Plaintiffs' counsel made a second request for the Plaintiffs' personnel records in August 2022. The County again responded by e-mail with an attached letter referencing the same address.

On April 12, 2023, Ms. Larsen filed a lawsuit against the County, alleging, among other claims, that her termination was wrongful and in violation of the Washington Law Against Discrimination (WLAD). Ms. Larsen's summons and complaint were served on the BOCC at the address provided in the letters attached to the earlier e-mails from the

2

Administrator. On May 11, 2023, an amended complaint was filed, adding Ms. Hallman as a plaintiff. Ms. Hallman also alleged her termination was wrongful and in violation of the WLAD. The amended summons and complaint were served on the BOCC on May 11, 2023, at the same address as before. On August 28, 2023, the County filed its answer that asserted an affirmative defense for insufficient service of process.

On October 26, 2023, the Plaintiffs served the County with their first set of interrogatories and requests for production. This first set of discovery did not inquire into the County's affirmative defense of improper service of process. On January 29, 2024, Plaintiffs' counsel sent an e-mail to the County's attorney since the County had failed to respond to the discovery requests. Over the next two weeks, Plaintiffs' counsel and the County's attorney discussed when the County anticipated it would respond to discovery.

On February 13, 2024, the Plaintiffs served the County with a second set of interrogatories and requests for production, this time inquiring into the County's reliance on the affirmative defense of improper service of process. At this time, the statute of limitations had expired on both Ms. Larsen's and Ms. Hallman's claims. Shortly thereafter, the County sent the Plaintiffs' attorney its responses to their first discovery requests.

In mid-March 2024, Plaintiffs' counsel sent e-mails to the County to begin scheduling depositions and inquiring as to whether the County would be interested in

mediation. The County's attorney responded that he would discuss mediation with the County and asked Plaintiffs' counsel to propose dates for the depositions.

On April 3, 2024, the County e-mailed its answers to the Plaintiffs' second set of interrogatories and requests for production. In response to the Plaintiffs' inquiry about affirmative defenses, the County answered, "plaintiff has failed to perfect service upon [the County] in accordance with RCW 4.28.020." CP at 166. On April 8, 2024, the County filed a motion for summary judgment dismissal of the Plaintiffs' claims, contending the statute of limitations had expired prior to the County being properly served with the summons and complaint. The trial court granted the County's motion, concluding that the Plaintiffs had failed to properly serve the County prior to the expiration of the statute of limitations.

The Plaintiffs timely appeal.

ANALYSIS

The Plaintiffs argue the trial court erred in granting summary judgment in favor of the County because the County waived its defense of insufficient service of process when it engaged in certain pretrial conduct. The County responds that its pretrial conduct did not amount to a waiver of its affirmative defense of improper service of process. We agree with the County.

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no

genuine issues of material fact, and "the moving party is entitled to judgment as a matter of law." *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party, here, the Plaintiffs. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 226. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

In an action against any county of this state, "[t]he summons shall be served by delivering a copy thereof . . . to the county auditor." RCW 4.28.080(1).

The parties do not dispute that Ms. Larsen initially improperly served the BOCC, instead of the county auditor on April 20, 2023. They also do not dispute that this same error was made when the amended summons and complaint, adding Ms. Hallman as a plaintiff, was served on May 11, 2023. Because the statute of limitations had expired on April 3, 2024, before the County was properly served, the Plaintiffs would have to show the County waived its improper service of process defense to overcome summary judgment dismissal of their claims. The Plaintiffs fail to make this showing.

"Under the [waiver] doctrine, affirmative defenses such as insufficient service of process may, in certain circumstances, be considered to have been waived by a defendant as a matter of law." *Lybbert v. Grant County*, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000). Waiver can occur in two ways: (1) "if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior," or (2) "if the defendant's counsel has been dilatory in asserting the defense." *Id.* at 39.

The Plaintiffs argue the County acted inconsistently with its assertion of the defense of insufficient service of process. However, there is nothing in the briefing or the record supporting this notion. The Plaintiffs' attempt to support their argument by pointing to the County's pretrial behavior, namely, their responses to two discovery requests, discussions involving potential mediation, and communications regarding the scheduling of depositions. Nonetheless, this argument quickly fails in light of *Lybbert*.

In *Lybbert*, the county was improperly served by the plaintiff, yet "[f]or the next nine months . . . acted as if it were preparing to litigate the merits of the case that the Lybberts were attempting to mount against it." 141 Wn.2d at 32. There, the county, without filing an answer or making any mention of an issue surrounding sufficiency of the service of process, (1) served the Lybberts with interrogatories, requests for production, and a request for a statement setting forth general and special damages, (2) retained counsel from an outside law firm, (3) and engaged in conversations about insurance coverage and mediation *Id.* at 42. Significantly, the Lybberts "served the [c]ounty with interrogatories that were designed to ascertain whether the defendant was going to rely on the defense of insufficient service of process." *Id.* "The [c]ounty did not answer the interrogatories but instead waited until after the statute of limitations expired to file its answer and for the first time assert the defense." *Id.* The Supreme Court held that the county waived its improper service defense by engaging in this behavior, reinforcing that a defendant cannot "lie in wait, engage in discovery unrelated to the defense, and thereafter assert the defense after the clock has run on the plaintiff's cause of action." *Id.* at 45.

The facts here are distinguishable from *Lybbert*. First, the County filed its answer asserting the affirmative defense of insufficient service of process on August 28, 2023, well before the expiration of the statute of limitations and two months *before* the Plaintiffs served their first set of interrogatories. Second, the Plaintiffs' first set of

interrogatories did not inquire about the County's reliance on the insufficient service of process defense. It was not until the Plaintiffs' second set of interrogatories, served after the statute of limitations had expired, that they inquired into the County's affirmative defenses. Finally, unlike the defendant in *Lybbert*, here the County never served the Plaintiffs with discovery requests or acted as if it were preparing to litigate the merits of the case. Based on the record before us, the County did not act inconsistently with its defense nor did it "lie in wait" until the statute of limitations expired. *Id.* at 45.

The County did not waive its affirmative defense of insufficient service of process.

Although not explicitly stated, the Plaintiffs seem to argue that their claims should not be barred because the County had notice of the lawsuit and barring their claims would undermine the purpose and language of the WLAD. The County responds that the Plaintiffs' claims are barred because they failed to properly serve the auditor pursuant to RCW 4.28.080(1) within the statutory period. We agree with the County.

Claims under the WLAD must be brought within three years "under the general three year statute of limitations for personal injury actions." *Antonius v. King County*, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004).

The parties do not dispute that Ms. Hallman's WLAD claims expired on December 31, 2023, and they generally agree that Ms. Larsen's claims expired sometime between April 20 and May 5, 2023. Thus, Ms. Larsen and Ms. Hallman were required to bring their claims on or before these respective dates.

8

To toll any statute of limitations, "an action shall be deemed commenced when the complaint is filed or summons is served, whichever occurs first." RCW 4.16.170. If the plaintiff files the complaint before serving the defendant, then the plaintiff has 90 days to personally serve the defendant. *Id.* If the plaintiff fails to serve the defendant after 90 days following the filing, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Id.*

Here, the action was never commenced because the Plaintiffs failed to properly serve the County before the statute of limitations expired on their respective claims. Ms. Larsen filed her WLAD claims on April 12, 2023, and Ms. Hallman filed her claim via amended complaint on May 11, 2023. However, after filing, the Plaintiffs failed to serve the county auditor within 90 days, as required by statute. *See* RCW 4.28.080(1). Instead, they served the BOCC twice, and failed to perfect service until April 4, 2024, after the statute of limitations tolling period on both their claims had expired.

The Plaintiffs maintain that the County had adequate notice of the lawsuit through service upon the BOCC. However, "actual notice, standing alone, is insufficient to bring [a municipality] within the court's jurisdiction." *Meadowdale Neighborhood Comm. v. City of Edmonds*, 27 Wn. App. 261, 268, 616 P.2d 1257 (1980). The County's notice of the lawsuit did not toll the statute of limitation period.

Finally, the Plaintiffs' argue that their WLAD claims justify overriding the statutory service requirements in RCW 4.28.080(1). Despite the noble purpose and

language in the WLAD to prevent discrimination and for it to be "construed liberally" to accomplish this objective, "[t]he general rule is that *strict compliance* is required with statutes naming particular persons upon whom service of process is to be made in actions against municipalities." *Meadowdale*, 27 Wn. App. at 265 (emphasis added); RCW 49.60.020. Accordingly, the Plaintiffs' failure to timely serve the county auditor is dispositive.

The Plaintiffs' claims are barred by the statute of limitations. We affirm the trial court's summary judgment dismissal of the Plaintiffs' claims.

The Plaintiffs request their attorney fees pursuant to RAP 18.1, RCW 49.48.030, and RCW 49.60.030(2). Because the Plaintiffs have not prevailed in this appeal, they are not entitled to an award of attorney fees.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____                    _____
Fearing, J.                                        Murphy, M.